# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EDIBERTO ROSALES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CIV-15-560-R |
| | ) | |
| THE BOARD OF REGENTS OF | ) | |
| THE UNIVERSITY OF | ) | |
| OKLAHOMA, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on the Motion to Dismiss, filed by Defendant, the University of Oklahoma. (Doc. No. 9). Plaintiff responded to the motion, conceding that certain of his claims are not actionable against Defendant and objecting to dismissal of other claims. Having considered the parties' submissions with regard to the contested issues, the Court finds as follows.

Plaintiff filed this action in the District Court of Cleveland County alleging state and federal claims stemming from his employment and termination, which he contends was in violation of the Americans with Disabilities Act, the Oklahoma Anti-Discrimination Act (OADA) and Title VII.[1] He concedes in response to the motion that he cannot proceed on claims for breach of contract, worker's compensation retaliatory discharge, and intentional infliction of emotional distress. He further recognizes that he cannot recover punitive damages from the Defendant. As such, Defendant's motion is granted with regard to these

---

[1] Plaintiff cites to the Act as the "Oklahoma Anti-Handicap Act."

claims. Plaintiff argues, however, that he has sufficiently plead claims under the ADA, the OADA, and Title VII.

Defendant argues that Plaintiff cannot recover against the University under the ADA, because Congress did not validly abrogate the States' sovereign immunity under Title I, which applies to employment discrimination. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360, 368, 376 (2001) (finding that "[t]he legislative record of the ADA, however, simply fail [ed] to show that Congress did in fact identify a pattern of irrational state discrimination in employment against the disabled."). Additionally, the State has not waived its immunity from suit under Title I of the ADA. Therefore, dismissal of Plaintiff's ADA claim is appropriate.[2]

Defendant also contends Plaintiff has failed to sufficiently allege facts in support of his Title VII claim alleging discrimination on the basis of his national origin. The Court need not delve deeply into this argument, because Plaintiff's allegations regarding his claim for national origin discrimination are extremely limited:

> 6. On or about January 2, 2014, Plaintiff was injured on the job and was placed under a doctor's care for treatment. The doctor and Plaintiff's supervisor placed Plaintiff on temporary total disability. While on temporary total disability for work-related injuries, Plaintiff was terminated as an employee of the defendant for filing a workers compensation claim for his injuries.
> 7. The conduct of Defendant described above was in retaliation of, and motivated by Plaintiff's work-related injuries, his disability, and national origin.
> ***
> 26. The conduct of Defendant in terminating Plaintiff from his position as

---

[2] Plaintiff did not directly concede this issue but failed to respond to the argument in the motion to dismiss, and therefore the Court considers the issue conceded.

> a Maintenance laborer was in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), based on National Origin, and Race since Plaintiff [is] a Latin American and a native of Guatemala.

Petition, ¶¶ 6-7, ¶ 26. These allegations are insufficient under the standards set forth by the Supreme Court to survive a motion to dismiss, which standards require that a complaint must allege facts sufficient to make a claim for relief facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(quotation to *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotation omitted). The sole allegation related to Plaintiff's national origin claim is the fact that he is a native of Guatemala and a conclusion that this, combined with a prior worker's compensation claim and his unidentified injury, led to his termination. The Court finds these sparse allegations insufficient to meet Plaintiff's burden of pleading his claims. As such, Defendant's motion to dismiss is granted with regard to Plaintiff's Title VII claim.

The sole remaining claim is Plaintiff's claim under the Oklahoma Anti-discrimination Act. Oklahoma Stat. tit. 25 § 1302(A)(1), provides, in relevant part, "[i]t is a discriminatory practice for an employer . . . to discharge or otherwise discrimination against an individual with respect to . . . employment, because of . . . disability, unless the employer can demonstrate that accommodation for the disability would impose an undue hardship on the operation of the business of such employer." Plaintiff has alleged that he suffered an on-the-job injury. He does not, however, allege in the petition any facts to support his contention

that he was disabled.[3] The absence of any allegations regarding Plaintiff's disability precludes the Court from finding that Plaintiff has stated a claim for violation of the OADA. As such, Defendant is entitled to dismissal of this claim as well.

For the reasons set forth herein, Defendant's motion to dismiss (Doc. No. 9) is GRANTED.

IT IS SO ORDERED this 4th day of August, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's response to the motion to dismiss contains significantly greater factual information than the petition. The Court, however, is limited to the allegations in the petition. Furthermore, the fact that the petition was filed in state court prior to removal does not alter this Court's standard of review. Plaintiff was free to seek leave to amend his petition to enhance his allegations, but did not do so.