# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDUARDO ROSALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-15-560-R |
| | ) |
| THE UNIVERSITY OF OKLAHOMA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

In accordance with the Court's Order dated August 7, 2015, Plaintiff has filed an Amended Complaint, to which Defendant has filed a Motion to Dismiss (Doc. No. 17). Plaintiff has responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

In his Amended Complaint, Plaintiff alleges claims against the University for violation of the Oklahoma Anti-discrimination Act ("OADA") based on his alleged disability, and for violation of Title VII, for alleged discrimination on the basis of Plaintiff's national origin and race. Plaintiff contends he was terminated following an on-the-job injury because of his alleged disability. He also contends that non-minority employees who suffered on-the-job injuries or sought worker's compensation were not terminated from their employment.

Defendant first asserts that Plaintiff's OADA claim is barred by law because Plaintiff did not file a charge of discrimination with regard to his disability claim. Oklahoma Stat. tit. 25 § 1350(b) provides:

> In order to have standing in a court of law to allege discrimination arising from an employment-related matter, in a cause of action for discrimination based on race . . . [or] national origin . . . an aggrieved party must, within one hundred eighty (180) days from the last date of alleged discrimination, file a charge of discrimination in employment with the Attorney General's Office of Civil Rights Enforcement or the Equal Employment Opportunity Commission alleging the basis of discrimination believed to have been perpetrated on the aggrieved party.

As such, it is incumbent on Plaintiff to establish that he exhausted his claim for disability discrimination. The Court need not consider at this juncture if exhaustion is jurisdictional with regard to claims under the OADA, because it is apparent that at a minimum, exhaustion is a jurisdictional prerequisite to suit.[1] Rule 9(c) of the Federal Rules of Civil Procedure provides, "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed.R.Civ.P. 9(c). Plaintiff has failed to allege, in any respect, with regard to either his claim

---

[1] The legal landscape of exhaustion with regard to federal law employment claims has shifted in recent months. The day after Defendant filed the final brief in this case, the United States Court of Appeals for the Tenth Circuit issued a decision in *Arabalo v. City of Denver*, --- Fed.Appx. ---, 2015 WL 5235740 (Sept. 9, 2015), noting its decision in *Gad v. Kansas State Univ.*, 787 F.3d 1032 (10th Cir. 2015). In *Gad*, the Court concluded that "a party's failure to verify submissions to the EEOC did not defeat the court's subject-matter jurisdiction." *Gad*, 787 F.3d at 1035-36. The court noted its prior suggestion that "recent Supreme Court cases may have limited jurisdictional requirements to those set forth in 42 U.S.C. § 2000e-5(f)(3), the subsection vesting jurisdiction of Title VII actions in the federal court." *Id.* at *7. The court thereafter declined to decide whether exhaustion is jurisdictional, because it is, at a minimum, a condition precedent. The practical impact of this decision is that the Court's review on a Rule 12(b)(6) motion is limited to the allegations set forth in the amended complaint, while a jurisdictional challenge under Rule 12(b)(1) would permit the Court to consider the submissions of EEOC charges made by the parties and attached to the motion and response. *See Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir.2001). The exception that permits the Court to consider documents referenced in a complaint on a Rule 12(b)(6) motion, without conversion, is not relevant because, as set forth in the body of this Order, Plaintiff made no reference to exhaustion or to seeking relief from the EEOC. Finally, although the Court could convert the motion to dismiss to a motion for summary judgment, it declines to do so.

for disability discrimination or his claim of national origin discrimination, that he exhausted the claims by filing a charge with the EEOC. As such, Defendant is entitled to dismissal of both claims.

Additionally, Plaintiff's allegations with regard to national origin discrimination are insufficient to avoid dismissal. To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff alleges in his Amended Complaint that he is a citizen of Guatemala, and of Hispanic descent. He was an employee of the Defendant University of Oklahoma, working as a maintenance laborer in the transportation and hauling department after his March 12, 2013 hiring. His job involved the loading and transport of office furniture and sporting equipment to various locations on campus. Plaintiff alleges he suffered an on-the-job injury on January 2, 2014, and as a result received medical treatment and was placed on temporary total disability, during which period he was terminated. As relevant to his claim of national origin discrimination, Plaintiff contends he was the only maintenance laborer/technician of Hispanic descent in his department. He alleges "[u]pon information and belief" that minority employees were targeted for discrimination if they filed claims for workers' compensation. Amended Complaint, ¶ 15. He asserts that "non-minority employees in that department are not terminated when they got hurt on the job. It is believed as a well known fact that the supervisor in Plaintiff's department played favoritism with the non-minority employees."

Amended Complaint, ¶ 15. Plaintiff's allegations are entirely conclusory. He does not identify the supervisor who allegedly discriminates against minorities nor does he allege who the similarly situated non-Hispanic employees were, or when and how they were injured on-the-job so as to sufficiently alleged how he was treated differently than them. *See Khalik v. United Airlines*, 671 F.3d 1188, 1194 (10th Cir. 2012). Plaintiff's national origin discrimination claim is not plausible under the *Twombly/Iqbal* standard.

Although the Court previously granted Plaintiff leave to amend, the Court finds that a second, and final, attempt at amendment should be granted, as requested by Plaintiff in his response to the motion to dismiss. As such, Plaintiff is hereby granted leave to amend and he may file a second amended complaint not later than December 14, 2015. Defendant's Motion to Dismiss (Doc. No. 17) is hereby GRANTED.

IT IS SO ORDERED this 7th day of December, 2015.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE