IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EDIBERTO O. ROSALES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-560-R |
| | ) | |
| THE BOARD OF REGENTS OF | ) | |
| THE UNIVERSITY OF | ) | |
| OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's motion to dismiss Plaintiff's Second Amended Complaint. Doc. No. 23. In support of this motion, Defendant argues that Plaintiff has not exhausted his administrative remedies for his disability claim because the only Charge of Discrimination for disability discrimination was made against the University of Central Oklahoma. Additionally, Defendant argues that Plaintiff's OADA disability discrimination claim and his Title VII claims for race and national origin discrimination in connection with Plaintiff's termination fail to allege sufficient facts to satisfy the requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2008). Plaintiff opposed Defendant's motion, asserting that the EEOC filled out the January 30, 2015 Charge of Discrimination erroneously naming the University of Central Oklahoma due to Plaintiff's limitations in the English language and his necessity of relying on a translator at the EEOC to fill out and verify the EEOC forms. However, Plaintiff does not allege these facts in his Second Amended Complaint. When a party fails to name the Defendant

in an EEOC charge, action upon that charge can only proceed where "there is a clear identity of interest between the unnamed defendant and the party charged in the administrative charge." *Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1185 (10th Cir. 1999)(quoting *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cri. 1991)). An examination of the factors determining whether a clear identity of interests exists between the University of Oklahoma and the University of Central Oklahoma *see id.* At 185 n. 9, reveals that there is no clear identity of interests between those two entities. Thus, Plaintiff's OADA claim for disability discrimination must be dismissed for failure to exhaust administrative remedies. *See Shakelford v. Oklahoma Department of Correction ex rel. State*, 182 P.3d 167 (Okla. 2008)(failure to exhaust administrative remedies is a jurisdictional bar to suit). However, in any event, Plaintiff has failed to allege sufficient facts to state a plausible claim for relief. *Twombly, supra*. This is so because Plaintiff has failed to allege facts showing that he was qualified, at the time of his termination, with or without reasonable accommodation, to perform the essential functions of his job and to allege that his employment was terminated because of his disability. Moreover, he has failed to allege that his lower back and knee injury substantially limited him in a major life activity. *See e.g.,McCully v. American Airlines, Inc.*, 695 F.Supp.2d 1225, 1246-67 (N.D. Okla. 2010)(the protections of the OADA are co-extensive with those under federal law so a plaintiff's OADA claim fails if a federal discrimination claim would fail). Plaintiff's OADA claim must be dismissed for this additional reason.

Plaintiff's second cause of action, alleging race and national origin discrimination, meets a different fate. Upon review of Plaintiff's factual allegations, including those that

2

non-Hispanic employees who were injured on the job were not terminated while Plaintiff, Hispanic, Latin American and Guatemalan was terminated after he suffered an on-the-job injury, are sufficient to create an inference of racial and national origin discrimination. Plaintiff's factual allegations are sufficient to "nudge his claims across the line from conceivable to plausible" *Twombly*, 550 U.S. at 570, so as to withstand Defendant's motion to dismiss.

In accordance with the foregoing, Defendant's motion to dismiss Plaintiff's Second Amended Complaint is GRANTED in part and DENIED in part. It is granted as to Plaintiff's OADA claim for failure to exhaust administrative remedies and failure to state a claim for which relief can be granted and it is denied as to Plaintiff's race and national origin discrimination claims. Plaintiff's OADA claim for disability discrimination is dismissed.

IT IS SO ORDERED this 29th day of January, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE